UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MATTHEW FARRELL,

    Plaintiff,

    v.                                   Civil Action No. 16-cv-11706-IT

WELLS FARGO,

    Defendant.

MEMORANDUM AND ORDER

January 19, 2017

**TALWANI, D.J.**

For the reasons set forth below, the court directs the plaintiff to file an amended complaint.

I.     Background

In August 2016, *pro se* plaintiff Matthew Farrell ("Farrell") filed a complaint [#1] in which he alleges that the defendant, Wells Fargo, is in the process of wrongfully foreclosing on his home. He also filed a motion for a temporary restraining order to prevent the foreclosure scheduled for September 2, 2016.

According to Farrell, he has been in his home since 2004 and initially was making $3,000 mortgage payments each month. At some point, he lost his regular employment. He contacted the loan company[1] regarding his situation but was told that he had to continue making the same monthly payment. Farrell also claims that he applied for a loan modification and that, instead of reviewing it in good faith, the lender simply rejected it. He believes that he was discriminated

---

[1] It is unclear from the complaint whether the "loan company" to which Farrell refers is Wells Fargo. If Farrell files an amended complaint, he should clarify in the amended complaint if he is referring to Wells Fargo as the loan company.

against because he is a single parent. The plaintiff further represents that he made a $70,000 down payment on the house but he questions what became of that money.

On August 22, 2016, the court issued an order [#6] in which it granted Farrell's motion for leave to proceed *in forma pauperis*, ordered that a summons issue, and set a hearing on the motion for a temporary restraining order for August 25, 2016.

The court held the hearing on Farrell's motion for a temporary restraining order as scheduled. Wells Fargo did not appear. At the hearing, the court denied without prejudice the motion for a temporary restraining order and directed Farrell to file an amended complaint. Thereafter, counsel for Wells Fargo entered their appearances.

Farrell subsequently filed a one-page handwritten statement [#14] complaining of Wells Fargo's "Widespread Illegal practices" and expressing his desire to keep his house. Statement [#14]. He asserts that the lenders[2] did his papers wrong, that he does not see his $70,000 down payment on his account, that the bank that he was dealing with has closed, and that Wells Fargo is a stranger to him. Statement [#14].

II.   Discussion

Neither Farrell's original complaint nor his one-page statement to the court satisfy the pleading requirements of a complaint. A complaint must, as required by Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores*

---

[2] Farrell does not identify the original lender. It appears from his letter that the original lender may not have been Wells Fargo. If Farrell files an amended complaint, he must clarify if he is referring to Wells Fargo or a different company as the lender.

*Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, Farrell's original complaint and statement do not meet the requirements of Rule 8(a). Although the court can discern from the filings that Farrell claims Wells Fargo did not review his loan modification request in good faith, this is a conclusory allegation that the court cannot credit. Missing from Farrell's pleadings is a recitation of the alleged facts from which the court could reasonably infer that Wells Fargo violated the law and that the plaintiff is entitled to relief. Farrell's pleading do not specify when he contacted Wells Fargo (or its agents) about a possible loan modification; the response by Wells Fargo; any ensuing communication between the parties; what information Farrell provided to Wells Fargo and when he provided it; evidence that Wells Fargo did not review his loan modification application; what representations, if any, Wells Fargo made in regards to his eligibility for a loan modification and whether Wells Fargo followed through with any such promise; and, the existence and terms of any trial loan modification agreement and whether the parties adhered to the terms of such agreement. Similarly, he does not identify facts on which he bases his claim of discrimination. Nor does he provide details concerning any alleged wrongdoing in regards to his closing or the application of his down payment.  Notably, there is no clear timeline of the relevant events.

If Farrell wishes to pursue this action, he must file an amended complaint that complies with the pleading requirements of Rule 8(a). Because an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Farrell should include in the amended complaint any allegations in the original complaint or other documents he filed that he wishes to be part of the operative complaint. Further, all factual allegations and legal claims should be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

III.   Conclusion

Accordingly:

1.   The court directs the plaintiff to file an amended complaint within twenty-eight (28) days of the date of this order. Failure to do so will result in dismissal of the action.

2.   The defendant is not required to respond to the original complaint, statement, or any amended complaint until further order of the court.

**SO ORDERED.**

                                           /s/ Indira Talwani
                                           Indira Talwani
                                           United States District Judge